**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**FILED
AUG. 24, 2021**
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

| | |
|---|---|
| RENEE FEREBEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 1:21-cv-02095 (UNA) |
| | ) |
| UNITED STATES POST OFFICE OF | ) |
| WASHINGTON, D.C., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

This matter is before the court on its initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). "A confused and rambling narrative of charges and conclusions . . . does not

comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).

Plaintiff, Renee Ferebee, [sic] "the original child of her heavenly, emperious[,]" sues "the United States Post Office of Washington D.C. 20003" and seeks "500 trillion dollars" in damages and other injunctive relief. She also purports to be an "attorney" but provides no identifying information to support this contention. She alleges that various employees at the United States Post Office, located at 600 Pennsylvania Avenue SE, unfairly refused to process her certified mailings. She believes that said employees made unfair assumptions about her competency and literacy, which seemingly escalated into a mutual altercation and denial of services. She believes that this incident was motivated by unspecified discrimination and a broad overarching conspiracy to violate her civil rights, resulting in defamation of her character and obstruction of justice. The remainder of the complaint contains a vague discussion regarding plaintiff's belief that society as a whole is "inhumane" and "selfish" and plaintiff's efforts to spread "her wealth" to the District of Columbia "and around the world[.]"

The wide-ranging allegations comprising the complaint fail to provide adequate notice of a claim. The complaint also fails to set forth allegations with respect to this court's jurisdiction over plaintiff's entitlement to relief or a valid basis for an award of damages as pled. As drafted, the complaint fails to meet the minimum pleading standard set forth in Rule 8(a). Furthermore, plaintiff fails to adequately plead the deprivation of a protected right. The mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts." *Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009) (citing *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990) (per curiam)).

For all of these reasons, this case is dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date: August 24, 2021                         /s/_____
                                              EMMET G. SULLIVAN
                                              United States District Judge